UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFONSO PAREDES CORTEZ,

Petitioner,

v.                                                          CAUSE NO. 3:26cv443 DRL-SJF

MARKWAYNE MULLIN *et al.*,

Respondents.

OPINION AND ORDER

Alfonso Paredes Cortez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. His petition asserts that the United States government wrongfully removed him to Mexico before a final removal order was entered. He seeks relief pertaining to his removal, including a declaration that his removal violated the Fifth Amendment and an order requiring the respondents to take all necessary steps to facilitate his prompt return to the United States.

Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] That standard is met here. "Federal courts have jurisdiction to issue writs of habeas corpus under § 2241 only when the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003) (citing 28 U.S.C. § 2241(c)(3)) (cleaned up); *see also Virsnieks*

---

[1] Rule 4 applies to other types of habeas petitions besides those filed under 28 U.S.C. § 2254. *See* Rule 1(B) of the Rules Governing Section 2254 Cases.

*v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008). Though § 2241 may apply in situations beyond strict physical custody, a petitioner must establish that he is being subjected to conditions that "significantly restrain" his freedom of movement in a manner not shared by the general public. *Virsnieks*, 521 F.3d at 717. After all, the "custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973). Mr. Paredes Cortez's presence in Mexico isn't that.

From the petition and attachments, Mr. Paredes Cortez is not "in custody" in this district within the meaning of the federal habeas statute.[2] He cites to *Hensley* for the proposition that he meets the "in custody" requirement, but that case stands for the well-understood proposition that a habeas petitioner released on his own recognizance remains "in custody" because he is subject to ongoing restraints such as mandatory court appearances and restrictions on his movement. *Id.; see also Samirah*, 335 F.3d at 551 ("There is, of course, substantial authority for the idea that a person released on bond, or on his own recognizance, is 'in custody' for purposes of habeas jurisdiction."). In contrast, Mr. Paredes Cortez was not released on his own recognizance, under conditions of supervision, or under any other restraint; and he is under no obligation to appear at any court proceedings. "As far as the government is concerned, [he] may wander the earth, so long as his wanderings do not lead him to the United States." *Samirah*, 335 F.3d at 549.

---

[2] It appears he decided to bring the petition in this district because of a prior petition he filed challenging his detention at Miami Correctional Facility. *See Paredes Cortez v. English, et al.*, No. 3:26cv24 (N.D. Ind. closed Mar. 9, 2026). His removal to Mexico rendered his petition moot.

To the extent he argues that his desire to return to the United States means he is "in custody" within the habeas statute's meaning, the law rejects that view. *See Rivas-Melendrez v. Napolitano*, 689 F.3d 732, 738-39 (7th Cir. 2012) (unique hardship on petitioner or his family caused by removal does not equate to unique restraint that will meet the "in custody" requirement). Put another way, Mr. Paredes Cortez's removal—regardless of its propriety—has "no bearing on the degree of control the United States now exercises over him (none), which is the relevant question for the 'in custody' requirement." *Id.* at 739.

He submits communications showing his attorney is working through informal channels to gain permission for him to return to the United States. These negotiations, or the terms under which immigration officials might permit his return, cannot be viewed as a current restraint on his liberty, though it might present a difficult choice for him in the future. *See Rivas-Melendrez*, 689 F.3d at 738. In short, § 2241 empowers the court to review a petitioner's detention when he is in custody, not to undo a completed removal. Of course, if Mr. Paredes Cortez were to be re-detained in this district, today's ruling does not prohibit him from seeking relief under § 2241 then.

For these reasons, the court DISMISSES the petition [1] for lack of jurisdiction and DIRECTS the clerk to close this case.

SO ORDERED.

April 3, 2026                                   *s/ Damon R. Leichty*
                                                Judge, United States District Court

3